IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE (SAS),<br><br>Plaintiff,<br><br>*vs*.<br><br>DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in their official capacities, and<br><br>JASON LAWSON, appointed District Attorney General for Macon County, Tennessee and<br><br>JEFF LONG, Commissioner of the Department of Safety and Homeland Security, in his official capacity<br><br>Defendants. | Case No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff John Doe (SAS) ("Plaintiff") hereby submits this complaint against the Defendants Jason Lawson (DA) and David B. Rausch (Director) and states as follows:

**INTRODUCTION**

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" The Ex Post Facto Clause prohibits laws that impose retroactive punishment. A law imposes punishment if it is punitive in intent or punitive in effect.

2. Plaintiff is a Tennessee resident who must comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004

1

and, because of how the Director has classified him without individual assessment, he must report for the rest of his life. *See* Tenn. Code Ann. §§ 40-39-201–40-39-218 (West 2021) ("SORA").

3. Plaintiff was convicted of committing a sex offense that occurred (April 7, 2004) before SORA (and its later amendments) took effect on July 1, 2004 and is therefore a pre-enactment registrant. Ex. 1

4. SORA imposes onerous restrictions on Plaintiff that burden his liberty in every aspect of his life. Based on his classification as an offender against children, Plaintiff must report in person every calendar quarter for the rest of his life and must report on 48 hours' notice for certain other reasons. Pursuant to SORA, the state of Tennessee publicly identifies Plaintiff as an "offender against children." Plaintiff may not live, work, stand, "sit idly," or remain in vast areas of the state of Tennessee, especially within its cities and towns. Plaintiff cannot attend his children's school functions and sporting events. Plaintiff must comply with these restrictions and obligations for the rest of his life. Any failure to comply is a felony punishable by a mandatory minimum prison term.

5. Individually and in combination, SORA and its later amendment's requirements and limitations are punitive in effect and therefore constitute an unconstitutional *ex post facto* law as applied to Plaintiff.

6. Plaintiff seeks declaratory and injunctive relief barring specific portions of the current SORA statute (as amended) which mirror Michigan's 2006 and 2011 amendments to SORA and were enjoined by *Snyder* from being applied to Plaintiff as any portions of SORA that "severely restricts where people can live, work, and "loiter," that categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment

2

Case 2:26-cv-00004   Document 1   Filed 01/12/26   Page 2 of 13 PageID #: 2

thereof, and that requires time-consuming and cumbersome in-person reporting" or that are otherwise punitive in nature.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (West 2021) because Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 (West 2021) for the violation of his rights under the United States Constitution.

8. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 (West 2021), by Fed. R. Civ. P. 57 and 65 (West 2021), and by the legal and equitable powers of this Court.

9. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) (West 2021).

## PARTIES

### *Plaintiff*

10. Plaintiff is an individual who resides in Macon County Tennessee and is required to comply with SORA; Plaintiff was convicted of a sex offense that occurred on April 7, 2004. Exhibit 1 Redacted SOR entry for Plaintiff.

### *Defendant Lawson*

11. Defendant Jason Lawson is the recently appointed District Attorney for the 15th Judicial District which includes Macon County. He is sued in his official capacity.

12. Pursuant to Article VI, § 5 of the Tennessee Constitution creates the office of the district attorney general by providing that

> [a]n Attorney for the State for any circuit or district, for which a Judge having criminal jurisdiction shall be provided by law, shall be elected by the qualified

voters of such circuit or district. . . [and] [i]n all cases where the Attorney for any district fails or refuses to attend and prosecute according to law, the Court shall have the power to appoint an Attorney pro tempore."

13. This constitutional provision has been codified in T.C.A. §8-7-103.

14. Moreover, as a recent Tennessee Attorney General opinion (Opinion No. 16-06) stated:

> A district attorney general is an elected constitutional officer whose authority to act derives solely from the Tennessee Constitution[1] and various statutes, in particular Tenn. Code Ann. §§ 8- 7-101 through -112.  A district attorney general represents the State of Tennessee and its people when performing his constitutional and statutory duties . . . .  *See, e.g., State v. Superior Oil, Inc*., 875 S.W.2d 658, 660-61 (Tenn. 1994) ("He is to judge between the people and the government; he is to be the safeguard of the one and the advocate for the rights of the other . . . and. . . to combine the public welfare and the safety of the citizens, preserving both, and not impairing either," quoting *Foute v. State*, 4 Tenn. (3 Hayw.) 98, 99 (1816)).
> 
> The specific statutory duties and responsibilities of a district attorney general are to (1) prosecute violations of state criminal statutes; (2) prosecute criminal cases that have been removed from state court to any inferior federal court; (3) cooperate and assist the attorney general and reporter in cases in circuit and chancery courts in which the attorney general is required to appear to protect the state or public interest; (4) give an opinion to any county officer in his district on a question of criminal law relating to the duties of that county officer; and (5) submit certain enumerated written reports to the district attorneys general conference annually.  *See* Tenn. Code Ann. § 8-7-103(1)-(5)(A)-(C). The district attorney general also has discretion to allocate available resources in performing his duties and responsibilities and to delegate his duties and responsibilities to assistant district attorneys general.  Tenn. Code Ann. § 8-7-103(6)-(7).  All of these duties are related to the district attorney general's role as the State's representative in criminal prosecutions.

15. Because Plaintiff lives in Macon County venue would be in Macon County.

16. Because District Attorney General Lawson is the appointed district attorney for Macon County, he is the appropriate defendant in this case requesting a permanent injunction prohibiting Mr. Lawson and his office from prosecuting Plaintiff with any alleged crime involving violating the provisions of SORA which mirror Michigan's 2006 and 2011 amendments to SORA and were enjoined by *Snyder* as well as any portions of SORA that "severely restricts where people can live, work, and "loiter," that categorizes them into tiers

4

ostensibly corresponding to present dangerousness without any individualized assessment thereof, and that requires time-consuming and cumbersome in-person reporting."

### *Defendant Rausch*

17. Defendant David B. Rausch is the Director of the TBI and his office is in the Middle District of Tennessee. He is sued in his official capacity.

18. SORA requires the TBI to maintain Tennessee's sex offender registry. Tenn. Code Ann. § 40-39-204(a) & (d), § 40-39-206(a) (West 2021). The TBI's responsibilities include enforcing SORA, maintaining the state's database of sex offenders, maintaining an Internet-accessible public sex offender registry, registering offenders (along with other law enforcement agencies), developing registration forms, providing statutorily-required notices to registrants (such as TBI form BI-0125 attached as Ex .2), collecting registration fees, and coordinating with national law enforcement and the national sex offender registry. *See* Tenn. Code Ann. § 40-39-203(i), § 40-39-204(a) & (d), § 40-39-205(a) & (f), § 40-39-206 (West 2021).

19. The director of the TBI is an appropriate defendant in a case challenging the constitutionality of those portions of SORA which mirror Michigan's 2006 and 2011 amendments to SORA, enjoined by *Snyder* as well as any portions of SORA that *"severely restricts where people can live, work, and "loiter," that categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof, and that requires time-consuming and cumbersome in-person reporting."*

### **DEFENDANT JEFF LONG**

20. Defendant Jeff Long is the Tennessee Commissioner of Safety and Homeland Security whose office is in the Middle District of Tennessee. He is sued in his official capacity.

21. In 2008, the Tennessee legislature passed legislation which stated that "when the department [of Safety] issues or renews a driver license or photo identification card to a sexual offender, violent sexual offender or violent sexual juvenile offender . . . the drive license or photo identification card shall bear a designation sufficient to enable a law enforcement officer to identify the bearer of the license or card as a sexual offender, violent sexual offender or violent juvenile sexual offender." Exhibit 3, 2008 Public Acts, Public Chapter 1143.

22. As a result of Public Act 1143, the Department of Safety and Homeland Security started putting "88" on the line "restrictions" to indicated sex offenders. Exhibit 4, sample Tennessee sex offender driver license.

23. As a result of T.C.A. §55-50-353(a), all three Plaintiff has "88" on his Tennessee driver license or identification card.

24. In 2010, the Public Act 1138 amended T.C.A. §40-39-213 (SORA) and mandated that all registered sex offenders produce a driver license with the "code 88" on the license or identification card, within 60 days of registration, to the registrant's SOR reporting agent.

25. Plaintiff submits that T.C.A. §55-50-353(a) is shaming similar in intent to Hester Prynne's red "A" in *The Scarlet Letter*, "notching" and "branding" thieves in Colonial Williamsburg and patches worn by targeted groups in Nazi Germany. See Ex. 5 Marina D. Barron, *Identity Crisis: First Amendment Implications of State Identification Card and Driver's License Branding for Registered Sex Offenders*, 89 Brook. L. Rev. 261, 285-290 (2023). https://brooklynworks.brooklaw.edu/blr/vol89/iss1/6

26. Judge Trauger found such "shaming" constituted *ex post facto* punishment. *John Does #1-9 v. Lee and Rausch II*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued November 6, 2025)

27. The Commissioner of the Department of Safety is an appropriate Defendant to seek declaratory and injunctive relief from retroactively enforcing the punitive statute T.C.A. §55-50-353(a) on Plaintiff because his offense occurred prior to T.C.A. §55-50-353(a) being enacted.

## FACTS

### *Tennessee's Sex Offender Registry Law*

28. Tennessee's first sex offender registry law took effect January 1, 1995 and had no classification scheme. 1994 Tenn. Pub. Laws, ch. 976, § 11 (West).

29. After multiple amendments, the original sex offender registry law was ultimately replaced by SORA, effective August 1, 2004. 2004 Tenn. Pub. Acts, ch. 921, § 6 (West).

30. SORA has been amended numerous times since it became effective on August 1, 2004. March 2, 2013, Judge Aleta A. Trauger, United States District Judge for the Middle District of Tennessee issued a "memorandum" which stated that "the Court's holding in this case strongly suggests that Tennessee's policy of continuing to apply the Act [the SORA] to other individuals who committed pre-enactment offenses is unconstitutional. Indeed, that is putting things too mildly; the court's holding *definitely* suggests as much. How could it not?" *John Does #1-9 v. Lee and Rausch*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued March 2, 2023 (emphasis in original).

31. Also in Judge Trauger's "memorandum" was a statement quoting Judge Richardson in *Doe #11 v. Lee*, No. 3:22-CV- 00338, 2022 WL 2181800 (M.D. Tenn. June 16, 2022 that "all *Ex Post Facto* Clause claims based on the Act, regardless of how they are characterized, must be evaluated 'based on the law's face, not based on its application to a specific plaintiff,' other than with regard to "the date

7

that the particular plaintiff . . . committed his offense." *John Does #1-9 v. Lee and Rausch*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued March 2, 2023 (emphasis in original).

32. The Defendants appealed Judge Trauger's ruling and on May 15, 2024, the 6th Circuit issued an opinion which remanded the John Doe #1-9 case to Judge Trauger.

33. In its opinion, the 6th Circuit clearly stated as follows: "any provisions of Tennessee's Act analogous to those discussed in *Smith*, *Bredesen*, and *Cutshall* pass constitutional muster. But those which mirror Michigan's 2006 and 2011 amendments to SORA, enjoined by *Snyder*, must fail." *Doe v. Lee,* 102 F.4th 330, 339-40 (6th Cir. 2024). The court stated explicitly that

> A regulatory regime that severely restricts where people can live, work, and "loiter," that categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof, and that requires time-consuming and cumbersome in-person reporting . . . is something altogether different from and more troubling than Alaska's first-generation registry law.

The Court went on to say that the provisions of the amended SORA which "treat registrants like "moral lepers" and "consign[] them to years, if not a lifetime, of existence at the margins, not only of society, but often . . . from their own families." *Id*. Therefore, while these punishments may be inflicted on those convicted after the Act's effective date, they may not be retroactively enforced upon the Plaintiffs." *Id* at 340.

34. The Court went further and called into question the constitutionality of Defendant Rausch's classifying SOR registrants without individual assessment: "Therefore, to the extent his office categorizes registrants based on the crime of their conviction and without an individualized assessment, that function may be questionable under *Snyder*. *See Snyder*, 834 F.3d at 705 ("A regulatory regime that . . . categorizes [people] into tiers ostensibly corresponding to present dangerousness without any individualized assessment . . . is something altogether different from and more troubling than Alaska's first-generation registry law.")."

35. The 6th Circuit remanded the case to Judge Trauger with instruction and on November 6, 2025,

Judge Trauger issued a second "memorandum" decision (which Defendant Rausch has appealed). *John Does #1-9 v. Lee and Rausch II*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued November 6, 2025)

### *Date of Plaintiff's Offense*

36. According to The Tennessee Sex Offender Registry, Plaintiff's occurred on April 7, 2004.

# CLAIM FOR RELIEF

37. Plaintiff incorporates the preceding paragraphs by reference.

38. Portions of SORA are applied retroactively to criminal offenses that occurred before SORA's effective date—July 1, 2004.

39. Individually and in combination, those provisions of SORA which mirror Michigan's 2006 and 2011 amendments to SORA and were enjoined by *Snyder* are punitive in effect on their face and/or as applied to Plaintiff.

40. Portions of SORA which mirror Michigan's 2006 and 2011 amendments to SORA and were enjoined by *Snyder* therefore violate the Ex Post Facto Clause and are unconstitutional as applied to Plaintiff.

41. Plaintiff is therefore entitled to a judgment:

### REQUEST FOR RELIEF

For these reasons, Plaintiff requests the Court to grant a preliminary injunction against Defendants to:

1. Require Defendant Rausch to perform his affirmative duty under the Act to classify the plaintiff in a manner that does not violate the Ex Post Facto Clause of the U.S. Constitution and thus to classify the Plaintiff as a

"sexual offender," and not classify him as an "offender against children"; Defendant Rausch shall perform his affirmative duty under the Act to notify the plaintiff of his updated classification; and Defendant Rausch will be enjoined from permitting the TBI to enter, modify, or maintain data in the SOR that would cause the plaintiff to be classified as an "offender against children" under Tenn. Code Ann. § 40-39-202(10) (or any other classification other than "sexual"), based on his offense which was committed prior to enactment of those provisions ("pre-enactment offenses").

2. Require Defendant Rausch to cause the TBI to promptly modify the SOR to immediately and automatically notify any person authorized to enforce the Act who submits data to, or requests data from, the SOR about the plaintiff, or who contacts the TBI about the plaintiff's obligation to comply with the Act, that the plaintiff is classified as an "offender against children" under the Act, making the portions of the Act pertaining to him inapplicable to him;

3. Prohibit both Defendant Rausch and Defendant Lawson from assisting any law enforcement agency to enforce any provision of the Act based on any plaintiff's classification as a "offender against children" (or an other classification other than "sexual") based on his pre-enactment offense;

4. Require Defendant Rausch to cause the TBI to promptly notify, and to promptly modify the SOR to immediately and automatically notify, any

10

person authorized to enforce the Act who submits data to, or requests data from, the SOR about the plaintiff, or who contacts the TBI about any plaintiff's obligation to comply with the Act, and to the extent the TBI publishes plaintiff's information on the SOR, and Defendant Rausch will cause the TBI to publish with that information a notice, that:

a. Tenn. Code Ann. § 40-39-211(a)'s residential and employment restrictions with respect to a public school, private or parochial school, licensed day care center, or other childcare facility do not apply to the plaintiff based on his pre-enactment offense;

b. Tenn. Code Ann. § 40-39-211(a)'s residential and employment restrictions with respect to a public park, recreation center, or public athletic field available for use by the general public do not apply to the plaintiff based on his pre enactment offense;

c. Tenn. Code Ann. § 40-39-211(a)'s residential and employment restrictions with respect to a playground, defined as an indoor or outdoor facility that is intended for recreation of children and owned by the state, a local government, or a not-for-profit organization, and includes any parking lot appurtenant to the indoor or outdoor facility, do not apply to the plaintiff based on his pre enactment offense;

d. Tenn. Code Ann. § 40-39-211(b)(1)–(2) do not apply to the plaintiff based on his pre-enactment offense;

e. Tenn. Code Ann. § 40-39-211(c)'s restriction on residing where a minor resides does not apply to the plaintiff based on his pre-enactment offense;

f. Tenn. Code Ann. § 40-39-211(c)'s restriction on overnight visits where a minor resides does not apply to the plaintiff based on his pre-enactment offense;

g. Tenn. Code Ann. § 40-39-211(d)'s restrictions on proximity to a public, private, or parochial school do not apply to the plaintiff based on his pre-enactment offense;

h. Tenn. Code Ann. § 40-39-211(d)'s restrictions on proximity to a licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public do not apply to the plaintiff based on his pre-enactment offense; and

i. Tenn. Code Ann. § 40-39-211(k)'s restrictions on proximity to minors do not apply to the plaintiff based on his pre-enactment offense

and

5. enjoin Defendant Rausch from publishing Plaintiff's date of birth and driver license number on the SOR website site based on Plaintiff's pre-enactment offense.

6. enjoin Defendant Ford from applying T.C.A. §55-50-513(a) to the Plaintiff and issue Plaintiff new driver license without the "88" restriction on it based on Plaintiff's pre-enactment offense;

7. enjoin District Attorney General Lawon, his employees, and attorneys, and all persons in active concert or participation with him from enforcing any of the provisions set out in Paragraph 4 above based on Plaintiff's pre-enactment offense;

8. awarding Plaintiff's reasonable attorney fees and

9. granting any other necessary or proper relief.

Dated: January 12, 2026.

                                          Respectfully submitted:

                                          */s/ John B. Nisbet III*
                                          John B. Nisbet III  BPR No. 13364

                                          P.O. Box 266
                                          Cookeville, Tennessee 38503
                                          931.267.6203
                                          nisbetcle@gmail.com

                                          Plaintiff's Counsel